Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
02/02/2026
CT Log Number 551259919

## Service of Process Transmittal Summary

**TO:** Umer Siddiqui, Senior Quality Assurance Analyst
Uber Technologies, Inc.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:** **Process Served in Delaware**

**FOR:** RASIER, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JORDAN OMSTEAD // To: RASIER, LLC |
| **DOCUMENT(S) SERVED:** | Cover Sheet, Notice, Verification |
| **COURT/AGENCY:** | Philadelphia County - Court of Common Pleas, PA<br>Case # 260103410 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 05/31/2025 |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/02/2026 at 13:40 |
| **JURISDICTION SERVED:** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after this complaint and Notice are served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | ROBERT N. BRAKER<br>SALTZ MONGELUZZI BENDESICY<br>1650 MARKET STREET<br>52ND FLOOR<br>PHILADELPHIA, PA 19103<br>215-496-8282 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/02/2026, Expected Purge Date: 02/07/2026<br><br>Image SOP<br><br>Email Notification, Umer Siddiqui umer@uber.com<br><br>Email Notification, Allison Gordon agarrett@uber.com<br><br>Email Notification, Employment Team employment-file@uber.com<br><br>Email Notification, Jennifer Sullivan jsullivan@uber.com<br><br>Email Notification, Karina Munoz karinamunoz@uber.com<br><br>Email Notification, Heather McClimon hmcclimon@uber.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801 |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
02/02/2026
CT Log Number 551259919

8775647529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Feb 2, 2026
**Server Name:** Wilmington Drop Serve

| | |
|---|---|
| Entity Served | RAISER LLC |
| Case Number | 260103410 |
| Jurisdiction | DE |

| Inserts | | |
|---|---|---|
| | | |

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
JANUARY 2026 03410
E-Filing Number: 2601056430

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JORDAN OMSTEAD | UBER TECHNOLOGIES, INC., ALIAS: UBER |
| **PLAINTIFF'S ADDRESS**<br>89 MACDONELL AVENUE<br>TORONTO ON M6R2A4 | **DEFENDANT'S ADDRESS**<br>1515 3RD STREET<br>SAN FRANCISCO CA 94158 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>PORTIER LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>1515 3RD STREET<br>SAN FRANCISCO CA 94103 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>RAISER LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>1515 3RD STREET<br>SAN FRANCISCO CA 94103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint<br>[ ] Writ of Summons<br>[ ] Petition Action<br>[ ] Transfer From Other Jurisdictions<br>[ ] Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other:<br>[ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition<br>[ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals<br>[ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
JAN 26 2026
B. BALILONIS

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JORDAN OMSTEAD

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | | ADDRESS |
|---|---|---|
| ROBERT N. BRAKER | | 1650 MARKET STREET<br>52ND FLOOR<br>PHILADELPHIA PA 19103 |
| **PHONE NUMBER**<br>(215)496-8282 | **FAX NUMBER**<br>(215)496-0999 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>62583 | | **E-MAIL ADDRESS**<br>rbraker@smbb.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>*ROBERT BRAKER* | | **DATE SUBMITTED**<br>Monday, January 26, 2026, 03:19 pm |

**THIS IS NOT AN ARBITRATION MATTER.**
**AN ASSESSMENT OF DAMAGES HEARING**
**IS REQUESTED.**

*Filed and Attested by the*
*Office of Judicial Records*
*26 JAN 2026 03:[illegible]9 pm*
*B. BALIEONIS*

**SALTZ MONGELUZZI BENDESKY**
BY: ROBERT N. BRAKER, ESQUIRE
JOSEPH BATASTINI, ESQUIRE
IDENTIFICATION NO. 62583/ 326969
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
(215) 496-8282

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| **JORDAN OMSTEAD**<br>89 Macdonell Avenue<br>Toronto, ON M6R2A4<br><br>v.<br><br>**UBER TECHNOLOGIES, INC. d/b/a UBER**<br>1515 3rd Street<br>San Francisco, CA 94158<br><br>And<br><br>**PORTIER LLC**<br>1515 3rd Street<br>San Francisco, CA 94103<br><br>And<br><br>**RAISER LLC**<br>1515 3rd Street<br>San Francisco, CA 94103<br><br>And<br><br>**JOHN DOE 1** | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>JANUARY TERM, 2026<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | USTED DEBE LLEVARLE ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO. ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UN ABOGADO. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCION DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS. |
| PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701" |

## CIVIL ACTION - COMPLAINT

Plaintiff, Jordan Omstead, claims of Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1, jointly and severally, separate sums in excess of $50,000.00 in damages, upon causes of action whereof the following are true statements:

1. Plaintiff, Jordan Omstead, is an adult individual residing at 89 Macdonell Avenue, Toronto, ON, M6R2A4.

2. Defendant, Uber Technologies, Inc. d/b/a Uber, is a corporation organized and existing under and by rights of the law of the State of Delaware, which at all times relevant hereto, engaged in regular, systemic, continuous and substantial business within Philadelphia County, with its principal place of business is located at 1515 3rd Street, San Francisco, CA 94158.

3. Defendant, Portier LLC, is a corporation organized and existing under and by rights of the law of the State of Delaware, which at all times relevant hereto, engaged in regular, systemic, continuous and substantial business within Philadelphia County, with its principal place of business is located at 1515 3rd Street, San Francisco, CA 94158.

4. Defendant, Raiser LLC, is a corporation organized and existing under and by rights of the law of the State of Delaware, which at all times relevant hereto, engaged in regular, systemic, continuous and substantial business within Philadelphia County, with its principal place of business is located at 1515 3rd Street, San Francisco, CA 94158.

5. A reasonable and diligent search was conducted to determine the actual names/identities of John Doe 1.

6. Pursuant to Pennsylvania Rule of Civil Procedure 2005, John Doe 1, is currently unidentified, fictitious defendant designated as Doe in this action where their actual name/identity is unknown despite a reasonable and diligent search.

7. Defendant, John Doe 1, is an unknown individual/individuals/estate and/or duly appointed Administrator of Shakir Anderson Calloway's Estate, who was operating and/or in control of Defendant's vehicle and/or Defendant's employer at the time of the accident and/or responsible for Defendant's vehicle at the time of the accident referenced who Plaintiff could not identify despite a reasonable search.

8. Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, as defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

9. At all times mentioned herein and material hereto, Shakir Anderson Calloway, was the agent, servant, workman, and/or employee, acting in the course and scope of his employment with and/or on behalf of Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1.

10. At all times mentioned herein and material hereto, Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1, were vicariously or otherwise

responsible for the negligent and tortious acts or omissions of its agents, ostensible agents, servants, workmen and/or employees, including Shakir Anderson Calloway.

11. At all times mentioned herein and material hereto, Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1, acted and/or failed to act, by and through their agents, ostensible agents, servants, workmen and/or employees, who were then and there acting within the course and scope of their authority in the course of their relationship with Defendants and in furtherance of Defendants' pecuniary interests.

12. On May 31, 2025, Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1, owned, managed, maintained, possessed and/or controlled a certain motor vehicle, namely a 2025 Hyundai Accent bearing Florida license plate 20ETYV which vehicle was traveling westbound on 900-1000 block of Marlborough Street in Philadelphia, Pennsylvania.

13. At the aforesaid time and place, Plaintiff, Jordan Omstead, was a lawful and proper passenger in the motor vehicle of Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1.

14. At the aforesaid time and place, Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1, suddenly and without warning, and while driving at an excessive rate of speed, violently crashed into several stationary vehicles parked along the 900-1000 block of Marlborough Street in Philadelphia, Pennsylvania, causing Plaintiff, Jordan Omstead, to sustain those serious and permanent personal injuries more specifically set forth hereinafter.

15. At the aforesaid time and place, Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1's motor vehicle became engulfed in flames and despite

Plaintiff, Jordan Omstead's rescue efforts, Shakir Anderson Calloway was unable to be freed from the fiery crash, ultimately causing his untimely death.

**COUNT I - NEGLIGENCE**
**JORDAN OMSTEAD v. ALL DEFENDANTS**

16. Plaintiff, Jordan Omstead, incorporates by reference all preceding paragraphs of this complaint, the same as if fully set forth hereinafter.

17. Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1, were careless and negligent in:

a. Operating their vehicle at an excessive rate of speed under the circumstances;

b. Violently crashing into stationary vehicles parked along the road;

c. Failing to stop their vehicle prior to colliding;

d. Failing to keep their vehicle in its lane of travel and colliding into stationary vehicles parked along the road;

e. Permitting Shakir Anderson Calloway to operate the vehicle in the course and scope of his employment with Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1, when said Defendants knew or should have known he could not safely do so;

f. Failing to properly evaluate Shakir Anderson Calloway to ascertain whether he was healthy and capable of safely operating a motor vehicle;

g. Failing to maintain proper and safe control of their vehicle;

h. Causing and allowing their vehicle to violently crash and strike other vehicles;

i. Failing to avoid crashing into other vehicles;

j. Operating their vehicle in an erratic manner;

k. Careless driving;

l. Failing to obey traffic signals, control, signs and warnings then and there existing;

m. Failing to maintain a proper and safe lookout for the traffic and road conditions then and there existing;

n. Failing to properly maintain their vehicle and have it operate in a proper and safe manner;

o. Operating their motor vehicle in violation of the ordinances of the Commonwealth of Pennsylvania and other relevant governmental entities; and

p. Failing to use reasonable care under all of the circumstances.

18. By reason of the carelessness and negligence of Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1, as aforesaid, Plaintiff, Jordan Omstead, was caused to sustain serious, disabling and permanent personal injuries: he sustained injury to his cervical spine; he has developed neurological symptoms including twitch/tics; he witnessed Shakir Anderson Calloway burn to death within close proximity to his person causing him to suffer great emotional turmoil, anxiety and psychological consequences; he has suffered from acute stress disorder; he has suffered from post-traumatic stress disorder; he has suffered from anxiety, depression, panic attacks and other neurological conditions and/or mental health disorders; he has sustained further injuries to the bones, muscles, nerves, tissues and ligaments of his body, the full extent of which is yet to be determined; he sustained a permanent impairment of body function; he sustained other injuries to his nerves and nervous systems; he sustained other orthopedic, neurologic and psychological injuries, the full extent of which is yet to be determined; he has in the past and may in the future be required to submit to x-rays, MRIs and other diagnostic studies; he has in the past and may in the future be required to undergo additional surgical procedures; he has in the past and may in the future continue to suffer agonizing aches, pains and mental anguish;

he has in the past and may in the future continue to endure pain and suffering; he has in the past and may in the future continue to be disabled from performing his usual duties, occupations, avocations, all to his great detriment and loss; he has in the past and may in the future suffer a loss of wages; he has suffered a significant loss of life's pleasures; he has suffered from severe embarrassment and humiliation.

19. By reason of the carelessness and negligence of Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1, as aforesaid, Plaintiff, Jordan Omstead, has incurred various expenses, including medical expenses and bills, Plaintiff may be obligated to continue to expend monies and incur further obligations for his medical care and treatment, for an indefinite period of time in the future.

20. Plaintiff, Jordan Omstead, has sustained and makes claim for pain and suffering, loss of physical function, permanent physical, mental and psychological injuries, humiliation and embarrassment, property damage, loss of life's pleasures, loss of earnings and future earning capacity, and any and all other damages to which he is entitled or may be entitled under the law of the Commonwealth of Pennsylvania.

**WHEREFORE**, Plaintiff, Jordan Omstead, claims of Defendants, Uber Technologies Inc., d/b/a Uber, Portier LLC, Raiser LLC and John Doe 1, jointly and severally, separate sums in excess of $50,000.00 in damages and brings this action to recover the same.

**SALTZ MONGELUZZI BENDESKY**

By: ***Robert N. Braker /s/***
ROBERT N. BRAKER, ESQUIRE
JOSEPH BATASTINI, ESQUIRE
Attorneys for Plaintiff

**VERIFICATION**

I, Jordan Omstead, hereby verify that I am the Plaintiff in the foregoing action and that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are those of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

01/22/2026
Date

Jordan Omstead